453 So.2d 550 (1984)
Terence Timothy HARDEN, Appellant,
v.
STATE of Florida, Appellee.
Nos. 83-2774, 83-2775.
District Court of Appeal of Florida, Fourth District.
August 8, 1984.
Rehearing Denied August 22, 1984.
Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert L. Teitler, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Judge.
Appellant challenges the trial court's order denying his motion to withdraw his guilty pleas.
Appellant had pleaded not guilty to charges of burglary and attempted burglary. During the change of plea hearing, appellant's counsel recited the terms of a plea agreement negotiated with the State, and the court made the inquiries required by Rule 3.172(c), Florida Rules of Criminal Procedure. The State then presented the factual basis of the charges, and the court ordered a predisposition report and a presentence investigation. The court also caused to be filed in the record of each case a document called "Deferred Adjudication and Sentence." This document appears to be a written recapitulation of the events which occurred at the change of plea hearing. It states that appellant withdrew his not guilty plea and entered a guilty plea, and it states that the court will defer adjudication and sentence pending the predisposition report and the presentence investigation. At no time did the trial judge state that he accepted appellant's guilty pleas.
This appeal presents the question of what constitutes formal acceptance for purposes of Rule 3.172(f). The rule provides:
No plea offer or negotiation is binding until it is accepted by the trial judge formally after making all inquiries, advisements and determinations required by this Rule. Until that time, it may be withdrawn by either party without any necessary justification.

[Emphasis added.]
Until formal acceptance has occurred, the plea binds no one: not the defendant, Hyde v. State, 405 So.2d 445 (Fla. 1st DCA 1981), the prosecutor, State v. Reasbeck, 359 So.2d 564 (Fla. 4th DCA 1978) or the court, State ex rel. Wilhoit v. Wells, 356 So.2d 817 (Fla. 1st DCA 1978).
*551 The State argues that acceptance of the pleas can be inferred from the existence of the Deferred Adjudications in the record. Although these documents state that appellant entered guilty pleas, they do not state that the judge accepted the pleas. It could as easily be argued that the court evidenced its intent not to accept the pleas by deferring adjudication and ordering predisposition and presentence investigation reports. Since the ability of all parties to repudiate a negotiated plea hinges upon acceptance of the plea by the court, the rule wisely requires formal acceptance of that plea, rather than subjective or implied acceptance. We therefore hold that formal acceptance of a plea occurs when the trial court affirmatively states to the parties, in open court and for the record, that the court accepts the plea.
Since the trial court did not formally accept appellant's pleas before he sought to withdraw them, the court's refusal to permit withdrawal of the pleas was error. We reverse and remand for further proceedings.
REVERSED and REMANDED.
DOWNEY and GLICKSTEIN, JJ., concur.