516 So.2d 31 (1987)
Kirk HOWARD, Appellant,
v.
STATE of Florida, Appellee.
No. BQ-257.
District Court of Appeal of Florida, First District.
November 24, 1987.
*32 Pamela D. Presnell, Asst. Public Defender, Tallahassee, for appellant.
Royall P. Terry, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
THOMPSON, Judge.
Howard appeals a judgment of guilt entered pursuant to his plea of nolo contendere to a charge of selling marijuana. His sole contention on appeal is that the trial judge erred in refusing to permit him to withdraw his nolo contendere plea. We agree and reverse.
In an unrelated case, Howard was placed on probation by Judge Turner for grand theft he committed in September 1985. In the instant case he was charged with selling marijuana and cocaine to an undercover officer in March 1986. In exchange for the state's agreement to drop the cocaine charge and to refrain from seeking a sentence in excess of the recommended guidelines, Howard agreed to enter a nolo contendere plea to the marijuana charge.
The appellant's drug related crimes were committed subsequent to the grand theft, but prior to the date the probationary term for the grand theft was imposed. Based on the fact that Howard was not yet on probation at the time he allegedly sold the drugs, his attorney apparently advised him that entering the plea in this case would not constitute a violation of the probation imposed by Judge Turner for the grand theft. The recommended guidelines sentence in this case was "any non-state prison sanction." Based on the statements of counsel made during the plea hearing it appears that at the time of that hearing Howard believed that upon the entry of his nolo contendere plea herein he would simply receive additional time on probation and was not exposing himself to incarceration in either the grand theft case or the instant drug case.
After the date of the plea hearing, but prior to sentencing, Howard was either led to believe or came to believe that his entry of the plea in the instant case might very well constitute a violation of his probation for the grand theft. He concluded that he might soon find himself before Judge Turner who might then revoke the probation for the grand theft and send him to prison. Accordingly, at the outset of the sentencing hearing in this case, Howard announced that he wished to withdraw his plea. After he explained his reasons, his attorney and the court attempted to reassure him that the instant plea would not be an automatic violation of his probation and might not result in any action by Judge Turner. However, Howard persisted in seeking to withdraw his plea on the grounds that he had not understood the consequences. The trial judge then denied the motion, finding that the only terms of the plea were that the cocaine charge would be nolle prossed and that Howard would receive a guidelines sentence. The judge found that Howard had fully understood these terms when he entered the plea and that he knew he was on probation at the time he entered the plea. After denying the motion, the Judge stated that appellant's "understanding of what can happen after the fact [was not] a sufficient basis to allow him to withdraw the plea... ."
The transcript of the plea hearing does not disclose that the trial judge ever formally accepted Howard's plea. Therefore, Howard contends that he had an absolute right to withdraw the plea at the sentencing hearing because at that time the court had not yet accepted it. We agree and reverse. Fla.R.Crim.P. 3.172(f) provides:
No plea offer or negotiation is binding until it is accepted by the trial judge formally after making all the inquiries, advisements and determinations required by this Rule. Until that time, it may be *33 withdrawn by either party without any necessary justification.
The case of Harden v. State, 453 So.2d 550 (Fla. 4th DCA 1984) is almost identical to the instant case. There, the court held that the rule requires formal acceptance of the plea and not merely subjective or implied acceptance. In its opinion the Harden court stated:
We therefore hold that formal acceptance of a plea occurs when the trial court affirmatively states to the parties, in open court and for the record, that the court accepts the plea.
Id. at 551. Because Howard's plea had not been formally accepted at the time he moved to withdraw it, it was error for the trial court to refuse the request.
REVERSED.
SHIVERS and ZEHMER, JJ., concur.