DOWNEY, Judge. j
The state appeals herein from a sentence that departed downward from the guidelines’ recommended sentence.
A hearing was held ostensibly on appel-lee’s motion for a bond reduction. During *1116 the course thereof, a discussion of the guidelines’ recommended sentence was had, during which the prosecutor advised that the sentencing parameters were 5V2 to 7 years. The parties agreed that, pursuant to their understanding of the guidelines sentence, appellee could plead guilty to an open plea of 5½ years’ imprisonment with 1 year probation. At that point the prosecutor realized he had made a mistake regarding the sentence recommended by the guidelines, which in truth was 17 to 22 years. Whereupon, the prosecutor objected to the court’s intention to accept the plea on the basis of a 5½ year prison sentence plus 1 year on probation. The trial judge felt obligated to accept the plea in view of the previous discussions and negotiations and proceeded to sentence appellee accordingly. This was error.
Florida Rule of Criminal Procedure 3.172(f) provides:
No plea offer or negotiation is binding until it is accepted by the trial judge formally after making all the inquiries, advisements and determinations required by this rule. Until that time, it may be withdrawn by either party without any necessary justification.
In Harden v. State, 453 So.2d 550 (Fla. 4th DCA 1984), this court held that “until formal acceptance has occurred the plea binds no one: not the defendant, the prosecutor, or the court.” Id. Furthermore, the court said:
Since the ability of all parties to repudiate a negotiated plea hinges upon acceptance of the plea by the court, the rule wisely requires formal acceptance of that plea, rather than subjective or implied acceptance. We therefore hold that formal acceptance of a plea occurs when the trial court affirmatively states to the parties, in open court and for the record, that the court accepts the plea.
Id. at 551.
Here, no formal acceptance of the plea had occurred at this time. Accordingly, we hold the trial court was not bound to accept appellee’s plea based upon the negotiations referred to, and, since appellee’s guilty plea was based upon those negotiations, it too is not binding. It therefore would appear appropriate to reverse the judgment and sentence and remand the cause to the trial court with instructions to allow appellee to withdraw his guilty plea if he be so advised or, if the defendant chooses to plead guilty, to resentence him.
HERSEY, C.J., and ANSTEAD, J., concur.