541 So.2d 1336 (1989)
Roosevelt BASS, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2611.
District Court of Appeal of Florida, Fourth District.
April 19, 1989.
*1337 Richard L. Jorandby, Public Defender and Jeffrey L. Anderson, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Patricia G. Lampert, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
This is an appeal from a conviction and two concurrent sentences of eighteen months' imprisonment for the offenses of possession of a firearm by a convicted felon and carrying a concealed firearm.
Appellant contends that the trial court erred in refusing to allow him to withdraw his nolo contendere plea when there had been no formal acceptance thereof and because the conditions surrounding the plea had not been fulfilled.
At a pretrial appearance before the court appellant's counsel, Mr. Maier, advised the court that appellant and the state had negotiated a plea in which he would plead nolo contendere and be sentenced to thirteen months in jail and that appellant be released for approximately a week to take care of his affairs before being incarcerated. The court refused to accept a plea involving only thirteen months' incarceration, but advised he would accept an open plea and would sentence him to not less than eighteen months nor more than twenty-four months. Maier and appellant conferred and advised the court that appellant would accept the proposed plea, but it was critical that he have some "time on the street" before being sent to prison. The court then stated, "I will take the plea, release him for a week, but he needs to know, if he is not here for the time of sentencing, he will get sentenced to twenty years." The court then proceeded to advise appellant of the rights he was waiving and concluded, "Okay, fine. We will set the adjudication and sentencing down for a week from today."
A month later, appellant moved to withdraw his plea on the grounds that he had not been allowed the one week of freedom to take care of his affairs as agreed and, since the court had not formally accepted his plea, he chose to withdraw it. The court denied that the "week off," so to speak, was a condition of the plea and quoted from the plea hearing colloquy and denied the motion to withdraw it. Appellant was sentenced to two concurrent sentences of eighteen months' imprisonment and this appeal ensued.
Florida Rule of Criminal Procedure 3.172(f) provides:
No plea offer or negotiation is binding until it is accepted by the trial judge formally after making all the inquiries, advisements and determinations required by this Rule. Until that time, it may be withdrawn by either party without any necessary justification.
In Harden v. State, 453 So.2d 550 (Fla. 4th DCA 1984), this court addressed the question of what constitutes formal acceptance pursuant to the Rule and held that "until formal acceptance has occurred the plea binds no one: not the defendant, the prosecutor, or the court." Furthermore, the court said:
The State argues that acceptance of the pleas can be inferred from the existence of the Deferred Adjudications in the record. Although these documents state that appellant entered guilty pleas, they do not state that the judge accepted the pleas. It could as easily be argued that the court evidenced its intent not to accept the pleas by deferring adjudication and ordering predisposition and presentence investigation reports. Since the ability of all parties to repudiate a negotiated plea hinges upon acceptance of the plea by the court, the rule wisely requires formal acceptance of that plea, rather than subjective or implied acceptance. We therefore hold that formal acceptance *1338 of a plea occurs when the trial court affirmatively states to the parties, in open court and for the record, that the court accepts the plea.
Id. at 551. The First District Court of Appeal followed Harden in Howard v. State, 516 So.2d 31 (Fla. 1st DCA 1987).
It is not easy for us to conclude that the trial court did not formally accept the plea herein because we feel confident the trial judge intended to, and probably felt he had. This formal omission is easily understood considering the volume of cases proceeding through the court and the absence of any ostensible contest over the proceeding. Nevertheless, when push comes to shove, we are obliged to follow the rule as written and construed by the cases. No formal acceptance by the court, no bar to withdrawal by any of the triumvirate  state, defendant or the court.
Superimposed upon the foregoing is the well accepted rule that motions to withdraw guilty pleas should be liberally granted where it is the least evident that the ends of justice will be subserved by allowing withdrawal. Fortini v. State, 472 So.2d 1383 (Fla. 4th DCA 1985).
In addition to the foregoing reason for allowing withdrawal of the nolo plea, we believe that part of the plea included a week "on the street" to take care of appellant's affairs. Appellant's counsel was clear in his presentation that this was an important aspect of the deal and the court, in the colloquy, said, "I will take the plea, release him for a week." As fate would have it, appellant was not allowed out to take care of his affairs because there was another unknown charge pending against him on which he had not been arraigned. An unkept promise which induces a plea is grounds for withdrawal. Ream v. State, 449 So.2d 960 (Fla. 4th DCA 1984).
In view of the foregoing, the judgment of conviction and sentences are reversed and the cause is remanded with directions to allow appellant to withdraw his plea and for further proceedings.
REVERSED AND REMANDED, with directions.
DELL, J., and MARTIN, KAREN L., Associate Judge, concur.