## SORRELLS v STATE OF FLORIDA
### Case No. 89-43-AP
Fourth Judicial Circuit, Duval County
January 11, 1990

### APPEARANCES OF COUNSEL

**Carolyn Wagner, Esquire,** for appellant.
**Donna M. Gregory, Esquire,** Assistant State Attorney, for appellee.

### OPINION OF THE COURT

DOROTHY H. PATE, Circuit Judge.

Appellant appeals the Order denying his Motion to Withdraw Plea of Nolo Contendere and Set Aside Judgment of Conviction. Due to an insufficient factual basis to support the plea, the lower court's Order is reversed.

Appellant entered a plea of nolo contendere on May 15, 1989, to a charge of Driving Under the Influence. The Court informed a group of Defendants of their constitutional rights. Defendant waived his right to

counsel, entered the plea and was sentenced to the minimum mandatory requirements for a first offender.

Appellant complains of lack of a knowing voluntary and intelligent waiver of counsel, failure of the Court to advise of maximum sentence and that he was giving up his right to appeal. The record reflects that Appellant was fully advised of all his other rights pursuant to Rule 3.172 (except possible deportation which has not been argued). This Court finds the waiver of counsel sufficient. The Court further finds that no showing of prejudice has been shown as required by Rule 3.172(i) to render a plea void by the failure to advise of the maximum possible penalty 3.172(c)(i) or his right to appeal 3.172(c)(iv). The Court did advise him of the mandatory minimum penalty and did in fact impose that sentence. The case of *Green v State,* 406 So.2d 1148 (Fla. 1st DCA 1981) is distinguishable from this case.

This Court also rejects the argument that the failure to formally accept the plea before imposing sentence when considered in the totality of circumstances of this case does not require automatic granting of a Motion to Withdraw. *Howard v State* involved the right to withdraw a plea prior to sentencing. 516 So.2d 31, 32 (Fla. 1st DCA 1987). Rule 3.172(i) was effective July 1, 1977, but the First District did not discuss the requirement of a showing of prejudice to void a plea for failure to follow any procedures of the rule. In *Howard,* prejudice is implicit from the facts of the case. *Id.* at 32. A Fourth DCA decision also involved a case in which the appellant sought to withdraw his plea prior to imposition of sentence. *Harden v State,* 453 So.2d 550 (Fla. 4th DCA 1984).

In a case in which the Defendant has been substantially informed pursuant to Rule 3.172 and 3.170 and sentence imposed, the better rule would require a showing of prejudice as required by Rule 3.172(i) before automatic withdrawal of a plea solely due to failure to formally accept the plea.

The error in this case is due to an insufficient factual basis to establish the guilt of the Defendant. The Appellant did stipulate to the facts contained on the arrest and booking report although he later indicated that he thought that meant he was only agreeing that the police officer wrote those facts. The factual basis provided is that the Appellant was sitting in the driver's seat of his car in a parking lot of an apartment complex and the keys were in the ignition. The Appellant appeared intoxicated with an odor of alcohol on his breath and watery and red eyes. He staggered on exiting his vehicle and failed field tests. Appellant's breathalyzer tests were .14 and .13.

It has been held that notwithstanding stipulation to a factual basis, if those facts are insufficient to establish guilt on a plea of nolo contendere, it is error to accept the plea. *Dydek v State,* 400 So.2d 1255 (Fla. 2d DCA 1981). Recognizing that there is no absolute requirement that it be shown the car is operational nor that the car is moving, the Appellant's disagreement with the officer that he was there "by accident" and that he had in fact "come to visit" raises questions as to the factual basis. Tr. 3. Had he driven to the area? If so, was he drinking before driving or only after arriving at the complex? Was the car operational? Why was he in the car? Answers to these and other questions might establish guilt or innocence. In the absence of an admission of guilt or a plea as being in his best interest, the facts are insufficient and incomplete to determine guilt on a plea of nolo contendere.

The Order denying Appellant's Motion to Withdraw Plea of Nolo Contendere and Set Aside Judgment of Conviction is REVERSED and this cause remanded for further proceedings consistent with this Opinion.