616 So.2d 194 (1993)
Carl TURNER, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 92-756, 92-757.
District Court of Appeal of Florida, Third District.
April 13, 1993.
Bennett H. Brummer, Public Defender, and Valerie Jonas, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Randall A. Sutton, Asst. Atty. Gen., for appellee.
Before HUBBART, BASKIN and LEVY, JJ.
PER CURIAM.
Because the record reflects that (1) the trial court did not, after conducting a plea colloquy, formally accept the defendant Carl Turner's proffered plea of guilty to first-degree murder as required by Fla. R.Crim.P. 3.172(f), and (2) the defendant, prior to sentencing, requested permission of the trial court to withdraw his guilty plea, we conclude that the trial court committed reversible error in denying the defendant's request to withdraw his guilty plea. Under these circumstances, the defendant had an absolute right to withdraw his plea prior to sentencing "without any necessary justification." Fla.R.Crim.P. 3.172(f). See, e.g., McCoy v. State, 613 So.2d 612 (Fla. 4th DCA 1993); Bass v. State, 541 So.2d 1336 (Fla. 4th DCA 1989); Howard v. State, 516 So.2d 31 (Fla. 1st DCA 1987); Harden v. State, 453 So.2d 550 (Fla. 4th DCA 1984).
The final judgment of conviction and sentence under review is reversed, and the cause is remanded to the trial court with directions to allow the defendant to withdraw his guilty plea and proceed to a jury trial.
Reversed and remanded.