647 So.2d 900 (1994)
Todd R. DEMARTINE, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2417.
District Court of Appeal of Florida, Fourth District.
November 23, 1994.
Rehearing Denied January 25, 1995.
Miguel M. De La O of Neal R. Sonnett, P.A., Miami, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James J. Carney, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Chief Judge.
Appellant pled guilty to vehicular homicide and driving under a suspended license. The trial court found that the plea had a factual basis and was freely and voluntarily given and sentenced appellant in conformance with the plea agreement. Seventeen days after beginning his sentence of probation, community control and house arrest, appellant moved to withdraw his plea. Following a hearing on appellant's motion to withdraw, the trial court again found that the plea was freely and voluntarily given and denied appellant's motion. Appellant contends, for the *901 first time on appeal, that the trial court erred because a plea may be withdrawn at any time before the trial court formally accepts the plea. We disagree and affirm.
Appellant testified at the hearing on his motion to withdraw the plea:
THE DEFENDANT: Your Honor, first of all, when I accepted the plea, I excepted [sic] the plea on the basis that it would be in my best interest. I previously worked for the airlines, American Airlines, in which after the accident I lost my job pending the outcome of this, of court and everything and when they found out that I accepted this plea and was found guilty, they told me I wasn't going to be hired back. I am supposed to start law school, at the University of Miami, in the fall and now they are talking about putting me on academic probation, if they even except [sic] me in the law school now being that's it's a DUI manslaughter they are going to charge me with.
I took it because Mr. Coughlin had told me I would have a better chance of getting into school if I accepted the plea and it was vehicular homicide.
In further testimony, appellant declared his innocence and his desire to present his defense in court. Appellant never mentioned the lack of formal acceptance of his plea. The state argues appellant did not properly preserve the argument that he could not be bound by the plea because the trial court failed to formally accept the plea as required by Florida Rule of Criminal Procedure 3.172(f). The record supports the state's argument. Likewise, we find no merit in appellant's argument that the alleged error constituted fundamental error. However, this issue is likely to reoccur; therefore we will address appellant's argument.
Appellant argues, based upon this court's decisions in Harden v. State, 453 So.2d 550 (Fla. 4th DCA 1984), and Bass v. State, 541 So.2d 1336 (Fla. 4th DCA 1989), that since the trial court failed to formally accept his plea, he had the right to withdraw his plea at any time. In Harden, we clarified the meaning of formal acceptance as found in rule 3.172(f):
We therefore hold that formal acceptance of a plea occurs when the trial court affirmatively states to the parties, in open court and for the record, that the court accepts the plea.
Id. at 551. In Bass, we stated even more emphatically:
It is not easy for us to conclude that the trial court did not formally accept the plea herein because we feel confident the trial judge intended to, and probably felt he had. This formal omission is easily understood considering the volume of cases proceeding through the court and the absence of any ostensible contest over the proceeding. Nevertheless, when push comes to shove, we are obliged to follow the rule as written and construed by the cases. No formal acceptance by the court, no bar to withdrawal by any of the triumvirate  state, defendant or the court.
Id. at 1338. We adhere to our opinions in Harden and Bass as they apply to a motion to withdraw a plea made before sentencing.
Appellant directs our attention to Howard v. State, 516 So.2d 31 (Fla. 1st DCA 1987), State v. Sanchez, 537 So.2d 1115 (Fla. 4th DCA 1989), and Turner v. State, 616 So.2d 194 (Fla. 3d DCA 1993). In each of these cases, the attempt to withdraw the plea occurred before sentencing and before the trial court formally accepted the plea. The district courts of appeal reversed, all concluding that the plea did not bind the parties because no formal acceptance had taken place. It should be noted that in Turner, the Third District Court of Appeal stressed that "the defendant, prior to sentencing, requested permission of the trial court to withdraw his guilty plea... ." Id. at 194 (emphasis added). Appellant has not cited nor has our independent research revealed any case in which a defendant has been permitted to withdraw his plea after sentencing based solely on a trial court's failure to formally accept a plea.
We conclude from our review of the cases and the applicable rules that sentencing is a critical juncture in plea withdrawal analysis. Florida Rule of Criminal Procedure 3.170(f) provides:
The court may, in its discretion, and shall upon good cause, at any time before a sentence, permit a plea of guilty to be withdrawn... .
*902 (emphasis added). We find no similar reference to the time of sentencing in rule 3.172(f). However, the committee notes to rule 3.172(f) explain:
In view of the supreme court's emphasis on the importance of this procedure as set forth in Williams v. State, 316 So.2d 267 (Fla. 1975), the committee felt it appropriate to expand the language of former rule 3.170(j) (deleted) and establish a separate rule.
Committee Notes, 1977 Adoption, rule 3.172, Fla.R.Crim.P. This separate rule simply codified in greater detail the requirements for acceptance of a plea. Therefore, rule 3.170 and rule 3.172 must be read in pari materia.
In Williams, the supreme court stated:
There is no Florida rule setting guidelines for plea withdrawal after sentence. However, requirements for a plea withdrawal subsequent to sentence are set forth in Standard 2.1, Pleas of Guilty, American Bar Association Standards of Criminal Justice.
Id. at 273 (footnote omitted). The supreme court proceeded within Williams to adopt this standard for postsentence plea withdrawal and concluded that after sentencing:
[t]he quoted American Bar Association Standard clearly puts the burden on the defendant to "prove" a "manifest injustice" has occurred. In other words, clear prejudice must be shown. Applying this Standard to the appellant-Williams, we find that the record in the instant case shows no manifest injustice.
Id. at 274. The supreme court applied the following guidelines from the standard in determining whether a manifest injustice had occurred: (1) ineffective assistance of counsel; (2) entry of the plea without defendant's authorization; (3) defendant pled involuntarily, without knowledge of the charge, or without knowing the sentence received could be imposed; (4) the defendant did not receive the charge or sentence concessions contemplated by the plea agreement; and (5) after a court fails to concur with the plea agreement, the defendant did not affirm the plea. Id. Standing alone, the failure of a trial court to formally accept a plea does not constitute a manifest injustice. Under the facts of this case, appellant demonstrated neither manifest injustice nor clear prejudice.
Therefore, consistent with the supreme court's decision in Williams, we hold that after sentencing a defendant must show a manifest injustice or clear prejudice to withdraw a plea. We further conclude that this case presents a question of great public importance and therefore certify the following question to the Supreme Court of Florida:
MAY A DEFENDANT, AFTER SENTENCING, WITHDRAW A PLEA OF GUILTY OR NOLO CONTENDERE BASED SOLELY UPON A TRIAL COURT'S FAILURE TO FORMALLY ACCEPT THE PLEA AS SET FORTH IN FLORIDA RULE OF CRIMINAL PROCEDURE 3.172(f) WITHOUT A SHOWING THAT THE TRIAL COURT'S FAILURE TO FORMALLY ACCEPT THE PLEA CAUSED MANIFEST INJUSTICE OR CLEAR PREJUDICE.
Accordingly, the trial court's denial of appellant's motion to withdraw his plea is affirmed.
AFFIRMED.
STONE, J., and RAMIREZ, JUAN, Jr., Associate Judge, concur.