743 So.2d 1117 (1999)
Thomas MACKEY, Appellant,
v.
STATE of Florida, Appellee.
No. 97-04609.
District Court of Appeal of Florida, Second District.
August 20, 1999.
Rehearing Denied October 25, 1999.
*1118 James Marion Moorman, Public Defender, and John C. Fisher, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Tampa, for Appellant.
NORTHCUTT, Judge.
Thomas Mackey claims that the circuit court erroneously refused to permit him to withdraw his guilty pleas entered on various charges in three different cases. He also contends the court failed to conduct a proper Faretta[1] hearing before allowing him to discharge counsel. Finally, he challenges the circuit judge's refusal to disqualify herself. We agree that he should have been allowed to withdraw his pleas, and reverse. The record shows that Mackey actually changed his mind about self-representation, and that his appointed counsel represented him at his motion to withdraw his pleas and his sentencing hearing. Therefore, we reject his point concerning the Faretta hearing. On remand, however, we remind the court that if he again seeks to represent himself, a proper hearing must be conducted. Last, we hold that the judge should have recused herself. We remand for further proceedings before a different circuit court judge.
At a hearing on June 27, 1997, Mackey's counsel announced that a plea agreement had been reached. The court conducted a plea colloquy and the State offered a factual basis for the pleas. However, the court never formally accepted Mackey's pleas. See Harden v. State, 453 So.2d 550, 551 (Fla. 4th DCA 1984) (explaining that "formal acceptance of a plea occurs when the trial court affirmatively states to the parties, in open court and for the record, that the court accepts the plea."). Until the court formally accepts the plea, no one is boundnot the defendant, the State or the court. See id.; Fla. R.Crim. P. 3.172(f).
Mackey moved to withdraw his pleas before sentencing. Under these circumstances, he had an absolute right to do so. See Turner v. State, 616 So.2d 194 (Fla. 3d DCA 1993); Howard v. State, 516 So.2d 31, 32 (Fla. 1st DCA 1987) (holding *1119 that when transcript does not disclose that judge formally accepted plea, defendant has absolute right to withdraw plea at sentencing). We reverse and remand with directions for the circuit court to permit Mackey to withdraw his pleas. We note, though, that the State nolle prossed certain counts and cases as part of the plea agreement. If a plea is not binding on a defendant, it is also not binding on the State. See Jolly v. State, 392 So.2d 54 (Fla. 5th DCA 1981). On remand, the State must be returned to the same position it was in before the plea agreement: it may seek to qualify Mackey as a habitual violent felony offender, argue for a life sentence and reinstate all charges.
Mackey's assertion that the judge should have disqualified herself does not require extensive discussion. We agree that the judge's comments at a bench conference during the June 27 plea hearing gave Mackey a well-grounded fear that he would not receive a fair trial at her hands. See State ex rel. Morgan v. Baird, 660 So.2d 328 (Fla. 2d DCA 1995). His motion sufficiently alleged this ground.
We reject the State's arguments that Mackey's motion was untimely and procedurally barred. Mackey did not learn of the judge's comments until the July 30, 1997, hearing on his motion to withdraw his plea, at which he was furnished a transcript of the June 27 plea hearing. On August 4, 1997, he filed a sworn affidavit declaring that he had a well-grounded fear he would not receive a fair trial, and then a pro se motion to withdraw the next day. His motion was timely. See Fla. R. Jud. Admin. 2.160(e) (stating that a motion to disqualify a judge must be made within 10 days of discovery of the facts that constitute the grounds for the motion).
Moreover, the fact that Mackey earlier challenged the judge's refusal to disqualify herself by filing a petition for writ of prohibition does not bar this point on appeal. In this district, denial of prohibition does not preclude subsequent posttrial review of the issue unless the order states that the denial is with prejudice, or otherwise evinces an unequivocal determination that the merits were considered. See Sumner v. Sumner, 707 So.2d 934, 935 (Fla. 2d DCA 1998). Our order denying Mackey's petition for writ of prohibition does neither. See Mackey v. State, 699 So.2d 693 (Fla. 2d DCA 1997).
Reversed and remanded.
THREADGILL, A.C.J., Concurs.
ALTENBERND, J., Concurs specially.
ALTENBERND, Judge Concurring.
The trial judge held a thorough plea colloquy in this case. She simply forgot to say the magic words of acceptance of plea. I write separately to point out to Mr. Mackey that he has now received from this court what he requested. Upon issuance of our mandate, his sentences and convictions will be set aside. Mr. Mackey should understand, however, that his lawyer was very effective in negotiating a thirty-year sentence prior to the trial court receiving the presentence investigation. His prior record and these new charges fully authorize consecutive habitual violent offender sentences or even a true life sentence. There is little likelihood that he will ever receive a more favorable sentence than that negotiated by his lawyer, and a good chance that a new judge could lawfully impose a much longer sentence. Prior to the issuance of our mandate, Mr. Mackey might be well advised to request this court to dismiss his appeal in order to preserve the favorable plea agreement obtained by his lawyer.
NOTES
[1] Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).