FULMER, Judge.
Richard E. Herald appeals his judgment and sentence in three cases, arguing the court erred in refusing to allow him to withdraw his plea and in failing to follow the statutory prerequisites in sentencing him as a habitual offender. We reverse because the record is clear that Herald moved to withdraw his plea prior to sentencing and prior to the court formally accepting the plea. As this court stated in Mackey v. State, 743 So.2d 1117, 1118 (Fla. 2d DCA 1999), “[ujntil the court formally accepts the plea, no one is bound — not the defendant, the State or the court.” (citing Harden v. State, 453 So.2d 550, 551 (Fla. 4th DCA 1984); Fla. R.Crim. P. 3.172(D). Under these circumstances, Herald had an absolute right to withdraw his .plea. See Mackey, 743 So.2d at 1118. Although our reversal renders the sentencing issue moot, we note that there was no sentencing error.
Reversed and remanded to allow Herald to withdraw his plea.
PARKER, A.C.J., and GREEN, J., Concur.