DANAHY, PAUL W., (Senior) Judge.
L.D.S. appeals from the order that adjudicates him to be a delinquent child. Because the trial court failed to hold a plea colloquy to determine whether L.D.S.’s plea was knowingly and voluntarily entered, we reverse and remand for a new adjudicatory hearing.
The State charged L.D.S. with two counts of sexual battery on a child younger than twelve years of age when L.D.S. was under the age of eighteen. L.D.S. signed a conditional plea of no contest to the charges. The printed agreement states, *549 “plea in abeyance,” “status conf[erence] in 60 days,” and “Walker Plan,” and includes a waiver of rights provision signed by L.D.S., his guardian, his attorney, and the trial court. The record contains no separate “Walker Plan” agreement outlining its terms and conditions, the violation of which presumably would trigger L.D.S.’s plea of no contest in accord with his signed agreement. The trial court signed L.D.S.’s conditional plea agreement, but nothing on the plea form or elsewhere in the record indicates that the court held a hearing or conducted a plea colloquy at that time.
Subsequently, the trial court adjudicated L.D.S. delinquent on new offenses of burglary and petit theft. No issue regarding that adjudication is raised in this appeal. At the disposition hearing the State advised the court that L.D.S. had pleaded no contest to the previous sexual battery charges but had not been adjudicated after he “failed out of the Walker Plan.” There was no further explanation or discussion, and neither the State nor defense counsel pointed out to the trial court that the plea had been held in abeyance. At that point, based on the plea agreement and again without conducting a plea colloquy, the court adjudicated L.D.S. guilty on the sexual battery charges. The trial court then entered its order of disposition committing L.D.S. to the custody of the Department of Juvenile Justice.
Prior to an adjudicatory hearing a juvenile court may either accept a plea of not guilty, nolo contendere, or guilty or may accept a plan of proposed treatment, training, or conduct in lieu of a plea. Such a pretrial diversion plan, authorized by Florida Rule of Juvenile Procedure 8.075(b), is commonly called a “Walker Plan” because Pinellas County Circuit Judge William Walker originally developed it. C.J. v. State, 779 So.2d 591 (Fla. 2d DCA 2001); R.K. v. State, 779 So.2d 590 (Fla. 2d DCA 2001). Here, although L.D.S. was provided with a rehabilitation plan purporting to be a Walker Plan, it failed to track all of Rule 8.075’s provisions.
Florida Rule of Juvenile Procedure 8.075 provides in pertinent part:
Rule 8.075. Pleas
(a) Acceptance of Plea. In delinquency cases the child may plead guilty, nolo contendere, or not guilty. The court may refuse to accept a plea of guilty or nolo contendere, and shall not accept either plea without first determining that the plea is made voluntarily and with a full understanding of the nature of the allegations and the possible consequences of such plea and that there is a factual basis for such plea.
(b) Plan of Proposed Treatment, Training, or Conduct. After the filing of a petition and prior to the adjudicatory hearing, a plan of proposed treatment, training, or conduct may be submitted on behalf of the child in lieu of a plea. The appropriate agencies of the Department of Juvenile Justice or other agency as designated by the court shall be the supervising agencies for said plan and the terms and conditions of all such plans shall be formulated in conjunction with the supervising agency involved. The submission of a plan is not an admission of the allegations of the petition of delinquency.
(Emphasis added.)
This case is similar to A.D.W. v. State, 777 So.2d 1101 (Fla. 2d DCA 2001), in which the juvenile agreed to a pretrial rehabilitation plan that, although described as a Walker Plan, did not track all of the rule’s provisions. Instead, the plan contained an additional provision that required the juvenile to enter a plea if he violated the plan’s other provisions. When *550 the juvenile violated the plan’s provisions, the trial court entered the plea for the juvenile without a plea colloquy. The juvenile sought a writ of prohibition in this court to prevent the trial court from exceeding its jurisdiction by entering a plea over the juvenile’s objections based on the rehabilitation plan. In granting the juvenile relief, this court stated:
The stipulation to enter a plea cannot validly act as a plea without a contemporaneous plea colloquy indicating that the defendant knowingly, intelligently, and voluntarily waived his rights. ... The fact that the executory agreement was accepted by the court did not transform this executory agreement into a plea agreement due to the requirement that a plea to waive any constitutionally protected right must be knowingly, intelligently, and voluntarily entered into by the defendant with an adequate inquiry by the trial court.
Id. at 1104. On remand this court directed the trial court to hold an adjudicatory hearing on the juvenile’s charges unless the juvenile decided at that time to enter a plea voluntarily.
Similarly, in this case it appears from the record that the trial court never held a plea colloquy to determine that L.D.S. was pleading to the sexual battery charges freely, knowingly, and voluntarily. The trial court never accepted L.D.S.’s plea. “A plea is not binding unless it has been accepted by the trial court. Until the court formally accepts the plea, no one is bound — not the defendant, the State or the court.” Mackey v. State, 743 So.2d 1117, 1118 (Fla. 2d DCA 1999) (citing Fla. R.Crim. P. 3.172(f)).
Accordingly, we reverse L.D.S.’s adjudication of delinquency on the sexual battery charges and remand with directions that the trial court hold an adjudicatory hearing on those charges unless L.D.S. decides to voluntarily enter a plea. See A.D.W., 777 So.2d at 1105; D.V.L. v. State, 693 So.2d 693 (Fla. 2d DCA 1997); C.W. v. State, 554 So.2d 28 (Fla. 2d DCA 1989).
Reversed and remanded with directions.
PARKER, A.C.J., and DAVIS, J., Concur.