KELLY, Judge.
Thomas Mackey claims that the trial court erred in sentencing him as a habitual violent felony offender because the State failed to give him proper notice. We hold that Mackey had sufficient notice of the State’s intent to seek a habitual violent felony offender sentence and affirm. Mackey raises two additional points on appeal in which we find no merit.
On August 5, 1996, Mackey was charged by information with robbery with a deadly weapon. On September 25, 1996, the State filed its notice that it would seek habitual violent felony offender sentencing. Mackey entered a nolo contendere plea to the charge, but later moved to withdraw the plea. The trial court denied the motion and Mackey appealed that decision. This court reversed, holding that Mackey was entitled to withdraw his plea. Mackey v. State, 743 So.2d 1117 (Fla. 2d DCA 1999). Mackey then elected to proceed to *119 trial. Following his trial in January 2003, a jury found Mackey guilty as charged. The trial court sentenced Mackey to life in prison as a habitual violent felony offender.
In this appeal, Mackey argues that the trial court erred in sentencing him as a habitual violent felony offender because the State failed to file a new notice that it sought habitual offender sentencing after the case had been remanded to the trial court. He claims that under Pitts v. State, 805 So.2d 1087 (Fla. 5th DCA 2002), the case returned to the pre-plea stage upon remand and the State was required to reinitiate the process of seeking habitual offender sentencing by filing a new notice.
In order for a defendant to be sentenced as a habitual offender, the defendant must have had prior written notice of the State’s intent to seek a habitual offender sentence. § 775.084(3)(a)(2), Fla. Stat. (1995); Pitts v. State, 766 So.2d 1191 (Fla. 5th DCA 2000). “The purpose of requiring a prior written notice is to advise of the state’s intent and give the defendant and the defendant’s attorney an opportunity to prepare for the hearing.” Massey v. State, 609 So.2d 598, 600 (Fla.1992). In this case, not only did the State provide Mackey and his attorney with written notice before he entered his plea, but this court also confirmed in its prior opinion that the State could again seek to qualify Mackey as a habitual violent felony offender. Mackey, 743 So.2d at 1117. Mackey had actual notice that he could be sentenced as a habitual violent felony offender before his trial began; thus, any failure by the State to file a second notice was harmless error. See Massey, 609 So.2d at 600 (holding that the State’s failure to strictly comply with the notice requirement of the habitual offender statute is subject to a harmless error analysis). Accordingly, we affirm Mackey’s judgment and habitual violent felony offender sentence.
Affirmed.
CANADY, J., and THREADGILL, EDWARD F., Senior Judge, Concur.