PETERSON, J.
Anthony Collucci appeals the trial court’s denial of his motion to withdraw plea filed pursuant to Florida Rules of Criminal Procedure 3.170(f).
*334 Collucci accepted and signed a plea agreement offered by the State in which he was required to plead guilty to home invasion robbery and accept incarceration for sixteen years in the Department of Corrections, followed by lifetime probation. When the agreement was presented to the trial court, the court conducted a lengthy and detailed plea colloquy. The court then “conditionally” accepted the signed plea agreement, ordered a pre-sentence investigation and scheduled sentencing.
Collucci hired new counsel before the sentencing date and moved to withdraw his guilty plea because it was allegedly entered involuntarily. Following a series of evidentiary hearings, his motion was denied because the court found the plea to have been knowingly and voluntarily entered.
Collucci’s ability to withdraw a plea prior to sentencing is governed by Florida Rules of Criminal Procedure 3.170(f) and 3.172(f). Rule 3.172(f) requires a court to permit a defendant to withdraw a plea for any reason if the plea has not been formally accepted by the court.[1] Rule 3.170(f) provides the court with discretion to deny a pre-sentence motion to withdraw a plea that has been formally accepted unless the defendant establishes good cause to warrant its withdrawal.[2] Collucci’s motion was filed pursuant to both rules. Unless formally accepted by a court, the terms of a plea agreement are not binding on anyone. E.g., Mackey v. State, 743 So.2d 1117, 1118 (Fla. 2d DCA 1999). Formal acceptance of a plea occurs when the court affirmatively states to the parties, in open court and for the record, that the court accepts the plea. E.g., Harden v. State, 453 So.2d 550 (Fla. 5th DCA 1984). A trial court’s failure to grant a motion to withdraw a plea where the court has not formerly accepted the plea constitutes reversible error. See, e.g., Bass v. State, 541 So.2d 1336 (Fla. 4th DCA 1989).
Collucci alleges that because the court announced that it “conditionally” accepted his plea, the plea was not formally accepted and the court erred by not permitting him to withdraw his plea. We agree. The trial court did not establish the details of the conditions upon which Collucci’s plea was accepted nor can we determine from our review of the record the condition or conditions that the trial court had in mind when he stated that he “conditionally accepted” the plea. Because of the absence of this information, Collucci was unable to determine what, if any, other terms the sentencing court may impose or whether he could walk away from the plea hearing knowing that his plea was accepted and that the penalty he agreed to would be imposed. Because the court did not unconditionally accept Collucci’s plea as submitted on the day of the plea hearing, or obtain a consent to the conditions, the plea was not binding upon any one and could be withdrawn by Collucci.
We vacate the judgment and sentence imposed following the trial court’s refusal *335 to allow Collucci to withdraw his plea and instruct the court to proceed to trial unless a plea can be entered without being burdened by unknown conditions.
JUDGMENT AND SENTENCE VACATED; REMAND.
MONACO and TORPY, JJ., concur.

. Rule 3.172© provides in pertinent part: "No plea offer or negotiation is binding until it is accepted by the trial judge formally after making all the inquiries, advisements, and determinations required by this rule. Until that time, it may be withdrawn by either party without any necessary justification.”

. Rule 3.170(f) provides in pertinent part: "The court may in its discretion, and shall on good cause, at any time before a sentence, permit a plea of guilty to be withdrawn and, if judgment of conviction has been entered thereon, set aside the judgment and allow a plea of not guilty, or, with the consent of the prosecuting attorney, allow a plea of guilty of a lesser included offense, or of a lesser degree of the offense charged, to be substituted for the plea of guilty.”