PER CURIAM.
Willie James Muse appeals the trial court’s denial of his presentencing motion to withdraw plea. He contends the trial court did not conduct a proper plea colloquy and did not formally accept his plea, as required by Florida Rule of Criminal Procedure 3.172(g). We review a trial court’s denial of a motion to withdraw plea for abuse of discretion. Davis v. State, 783 So.2d 288, 289 (Fla. 5th DCA 2001). We reverse.
The State charged appellant by information with aggravated battery with a deadly weapon (count I), aggravated assault by threat with a deadly weapon (count II), and false imprisonment (count III), the charges arising out of an incident with appellant’s ex-wife. Appellant pled straight up to counts I and II in the Circuit Court for Escambia County and signed a written plea agreement. The State agreed to nolle prosequi count III. The trial court explained to appellant the nature of a straight up plea and questioned him as to whether he signed and understood the plea agreement, reviewed it with his attorney, and gave his acquiescence voluntarily. Finally, the trial court asked appellant, “you understand ... as part of the plea agreement ... you are waiving 9 rights here?” To all of the foregoing questions appellant responded in the affirmative. The trial court proceeded to order a presentence investigation. Appellant sought to withdraw his plea five days later. After hearing, the trial court denied the motion, expressly finding the plea had been accepted.
Florida Rule of Criminal Procedure 3.172(g) provides for the withdrawal of a plea offer or negotiation by either party at any time before it is accepted formally by the trial judge. The rule requires “formal acceptance of [the] plea,” which occurs when the trial court “affirmatively states to the parties, in open court and for the record, that the court accepts the plea.” Harden v. State, 453 So.2d 550, 551 (Fla. 4th DCA 1984). The fundamental defect in the proceedings above was the trial court’s failure to express its acceptance of appellant’s plea; the ordering of a presentence investigation is not sufficient in this respect. As the plea agreement is no longer binding on appellant, however, the State may reinstate the count of false imprisonment and proceed to trial on all of the original charges. See Forbert v. State, 437 So.2d 1079, 1081 (Fla.1983).
The State having conceded the error, we note the professionalism and integrity with which the State has conducted itself in these proceedings. We also direct the court on remand to the requirements of Florida Rule of Criminal Procedure 3.172(c), which instructs the trial judge to determine that a pleading defendant understands the nature and consequences of *765 waiving the specific rights enumerated therein.
REVERSED and REMANDED.
KAHN, BENTON, and CLARK, JJ., concur.