KHOUZAM, Judge.
Michael Campbell appeals the summary denial of his motion to withdraw plea filed pursuant to Florida Rule of Criminal Procedure 3.172. We affirm the denial because the trial court properly found that without a showing of manifest injustice or clear prejudice, Mr. Campbell was not entitled to withdraw his plea after he was sentenced.
On November 30, 1999, pursuant to a plea of nolo contendere, Mr. Campbell was convicted of the following charges: four counts of attempted sexual battery by an adult, victim less than twelve; one count of lewd and lascivious conduct, victim less than sixteen; and one count of sexual battery by a person in familial or custodial authority. On February 11, 2000, Mr. Campbell was sentenced to a total of forty-five years’ imprisonment for the above offenses. On January 24, 2011, Mr. Campbell filed his motion to withdraw plea pur *758 suant to rule 3.172(g).[1] In his motion, Mr. Campbell argued that he was entitled to withdraw his plea even after he was sentenced, without a showing of any justification, simply because the trial court failed to formally accept his plea during the plea colloquy.
In denying Mr. Campbell’s claim, the postconviction court found that rule 3.172(g), allowing the withdrawal of pleas, applies “only before sentencing” citing to Harrell v. State, 894 So.2d 935, 939 (Fla.2005). The postconviction court ruled that the trial judge’s inadvertent failure to formally accept Mr. Campbell’s plea did not entitle Mr. Campbell to withdraw his plea nearly eleven years after the sentence had been imposed. In his brief, Mr. Campbell argues that the trial court erred in failing to follow Cox v. State, 35 So.3d 47 (Fla. 1st DCA 2010), which he argues is controlling. In Cox, the First District, apparently relying on Harrell, reluctantly held that the defendant should be allowed to withdraw his plea more than two years after sentencing because the trial court had failed to formally accept the plea. 35 So.3d at 48-49. The First District certified a question of great public importance regarding whether the holding in Harrell requires granting a motion to withdraw plea after sentencing where the trial court inadvertently neglected to state that it had “accepted the plea.”
For the reasons set forth below, we disagree with the First District’s interpretation of Harrell and hold that rule 3.172(g) only applies before sentencing and therefore certify conflict with Cox.
Our analysis begins with a discussion of Demartine v. State, 647 So.2d 900 (Fla. 4th DCA 1994), a case on which the supreme court heavily relied in Hairell. In Demar-tine, the defendant was charged with vehicular homicide and driving with a suspended license. Id. at 900. He pleaded guilty to the charges. The trial court found that his plea was freely and voluntarily given, determined that there was a factual basis for the plea, and sentenced him in accordance with the plea agreement. Seventeen days after he was sentenced, Mr. Demartine filed a motion to withdraw his plea, arguing that because the trial court failed to accept his plea as required by rule 3.172(f), he was entitled to withdraw his plea without setting forth any justification. In rejecting Mr. Demar-tine’s argument, the Fourth District analyzed the cases and rules governing plea withdrawal and concluded that, absent a showing of manifest injustice or clear prejudice, Mr. Demartine may not withdraw his plea after he was sentenced solely upon the trial court’s failure to formally accept his plea. Demartine, 647 So.2d at 900-02. It then certified the following question of great public importance to the Florida Supreme Court:
May a defendant, after sentencing, withdraw a plea of guilty or nolo contendere based solely upon a trial court’s failure to formally accept the plea as set forth in Florida Rule of Criminal Procedure 3.172(f) without a showing that the trial court’s failure to formally accept the plea caused manifest injustice or clear prejudice[?]
Id. at 902.
In analyzing the existing case law, the Fourth District noted that the “[ajppellant has not cited nor has our independent research revealed any case in which a defendant has been permitted to withdraw his plea after sentencing based solely on a trial court’s failure to formally accept a *759 plea.” Id. at 901. The court determined that in plea withdrawal analysis, sentencing becomes “a critical juncture.” Id. It then considered rules 3.170 and 3.172, the two related rules governing the operation of pleas, and noted that while rule 3.170 contains a time limitation and 3.172 does not, both rules should be read in pari materia.
Rule 3.170(f) provides that “[t]he court may in its discretion, and shall upon good cause, at any time before a sentence, permit a plea of guilty or no contest to be withdrawn....” (Emphasis added.) Rule 3.172(g), however, provides the following:
No plea offer or negotiation is binding until it is accepted by the trial judge formally after making all the inquiries, advisements, and determinations required by this rule. Until that time, it may be withdrawn by either party without any necessary justification.
In reading both rules in pari materia, the Demartine court concluded that, based on its history, rule 3.172 “simply codified in greater detail the requirements for acceptance of a plea.” 647 So.2d at 902. It sets forth the requirements that the trial judge must follow to ensure that the plea complies with the acceptance of a guilty or nolo contendere plea. It does not grant a right to withdraw a plea simply because the trial judge did not formally accept the plea.
The supreme court in Harrell appears to agree with the reasoning of Demartine. The supreme court explained that rule 3.170(f) limits the opportunity for a defendant to withdraw his plea to the period of time before sentencing, noting that motions to withdraw plea after sentencing are clearly governed by “rule 3.170(Z), which allows withdrawal of a plea only for the specific reasons listed in Florida Rule of Appellate Procedure 9.140(b).” Harrell, 894 So.2d at 939 n. 2. The court acknowledged that while rule 3.172(f) contains no period of limitation, it indicates that the criminal rules establish sentencing as a critical juncture in a defendant’s ability to withdraw a plea. To support this proposition, the court cited its own case, State v. Partlow, 840 So.2d 1040, 1042 (Fla.2003), which held that in order for a defendant to withdraw his plea after sentencing, he must demonstrate a manifest injustice.
Even though it did not directly answer the certified question, it is evident that the supreme court clearly agreed with Demar-tine that rule 3.172(f) applies only before sentencing and not after sentencing. The court stated the following: “Accordingly, the [Demartine] court held that both [rule 3.172 and rule 3.170(f)] apply only before sentencing. We agree.” Harrell, 894 So.2d at 939. Thus, based on the supreme court’s approval of Demartine, we conclude that rule 3.172(g) only applies prior to sentencing.
Therefore, we affirm the postconviction court’s denial of Mr. Campbell’s motion and certify conflict with the First District’s opinion in Cox, 35 So.3d 47.
Affirmed; conflict certified.
WHATLEY and MORRIS, JJ„ Concur.

. Rule 3.172(f) was the predecessor to what is now rule 3.172(g). Consequently, in much of the relevant caselaw, any and all mentions of rule 3.172(f) should be read as referring to what is now rule 3.172(g).