THOMAS, J.
Appellant appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the denial, but write to address Appellant’s assertion that he is entitled to withdraw from his plea agreement.
On May 20, 2010, following his plea, Appellant was convicted of attempted second-degree murder and sentenced to 15 years’ imprisonment. Appellant did not file a direct appeal of his judgment and sentence. In January 2011, Appellant filed the instant motion for postconviction relief, asserting two claims for relief. In ground two of his motion, Appellant asserts that he is entitled to withdraw from his plea because it was never formally accepted by the trial court. He cites to Cox v. State, 35 So.3d 47 (Fla. 1st DCA 2010), which holds that a defendant has a right to withdraw from a plea where the trial court failed to specifically state that it formally accepted the plea.
In Cox, the defendant entered a plea to two charges of conspiracy to traffic in more than 400 grams of cocaine. As a part of the plea, the defendant waived his right to withdraw from the plea. The trial court held a plea colloquy and determined the plea was intelligent and voluntary, but apparently forgot to state that the court “accepted the plea.” The case was removed from the docket, the defendant and the State agreed to confidential terms regarding substantial assistance, and the trial court sealed the plea agreement.
As part of the plea agreement in Cox, the defendant and the State agreed to a 90% reduction of bond, which allowed the defendant to remain free to perform his obligations under the plea agreement. Additionally, the State agreed to a sentencing range of 5-30 years, which allowed the defendant to avoid a possible life sentence as an habitual felony offender.
At sentencing two years later, the trial court complied with the plea agreement and sentenced the defendant to 30 years’ imprisonment. The defendant moved to withdraw from his plea. This court, relying on Harrell v. State, 894 So.2d 935, 939 (Fla.2005), and the language of Florida Rule of Criminal Procedure 3.172(g), held that the defendant was entitled to withdraw from his plea because the trial court never formally accepted the plea. In so holding, this court certified the following question of great public importance:
DOES THE HOLDING IN HARRELL V. STATE, 894 So.2d 935 (Fla.2005), REQUIRE THAT A TRIAL COURT MUST ALLOW A DEFENDANT TO WITHDRAW HIS PLEA, EVEN WHERE THE STATE HAS PERFORMED ITS OBLIGATIONS UNDER THE PLEA AGREEMENT, MERELY BECAUSE THE TRIAL COURT INADVERTENTLY NEGLECTED TO STATE THAT IT HAD “ACCEPTED THE PLEA”?
Cox, 35 So.3d at 49.
In Campbell v. State, 75 So.3d 757 (Fla. 2d DCA 2011), the Second District interpreted Cox as holding that a defendant has a unilateral right to withdraw from a plea that was never formally accepted at any time, even after sentencing. In Campbell, the defendant moved to withdraw from his plea 11 years after he was sentenced because the trial court failed to formally accept it. The Campbell court disagreed with what it interpreted as this court’s Cox decision and certified conflict, finding that once a defendant is sentenced, he does not have a unilateral right to withdraw from his plea. The Campbell court held that the supreme court’s decision in Harrell appeared to be limited to cases where a *294 defendant moves to withdraw a plea prior to sentencing.
We hold that Cox is distinguishable from this case and that the Second District’s Campbell decision interprets Cox’s holding too broadly. The decision in Cox did not specify whether the defendant in that case moved to withdraw his plea before or after sentencing. We conclude that Cox should be read consistently with the holding in Campbell — the rule providing that a plea may be withdrawn without any justification until it is formally accepted by the trial judge only applies prior to sentencing. Cox does not stand for the proposition that a defendant has a unilateral right to withdraw from a plea years after he has been sentenced in accordance with that plea, if the trial court failed to formally accept it. Any other interpretation of Cox and rules 8.170 and 8.172(g) leads to irrational results of pleas being vacated years or decades after a defendant began serving a sentence.
AFFIRMED.
WETHERELL and MARSTILLER, JJ., concur.