QUINCE, J.
This case is before the Court for review of the decision of the Second District Court of Appeal in Campbell v. State, 75 So.3d 757 (Fla. 2d DCA 2011). The district court certified that its decision is in direct conflict with the decision of the First District Court of Appeal in Cox v. State, 35 So.3d 47 (Fla. 1st DCA 2010), on the issue of whether a defendant may, after sentencing,[1] withdraw a plea of guilty or nolo contendere based solely upon a trial court’s failure to formally accept the plea as set forth in Florida Rule of Criminal Procedure 3.172(g) without a showing that the trial court’s failure to formally accept the plea caused manifest injustice or clear prejudice. We have jurisdiction. See Art. V, § 3(b)(4), Fla. Const.
For the reasons that follow, we affirm the decision of the Second District Court of Appeal in this case which held that the defendant was not entitled to withdraw his plea under these circumstances.
FACTS AND STATEMENT OF THE CASE
The facts and procedural history have been presented by the Second District as follows:
On November 30, 1999, pursuant to a plea of nolo contendere, Mr. Campbell was convicted of the following charges: four counts of attempted sexual battery by an adult, victim less than twelve; one count of lewd and lascivious conduct, victim less than sixteen; and one count of sexual battery by a person in familial or custodial authority. On February 11, 2000, Mr. Campbell was sentenced to a total of forty-five years’ imprisonment for the above offenses. On January 24, 2011, Mr. Campbell filed his motion to withdraw plea pursuant to rule 3.172(g).[2] In his motion, Mr. Campbell argued that he was entitled to withdraw his plea even after he was sentenced, without a showing of any justification, simply because the trial court failed to formally accept his plea during the plea colloquy.
In denying Mr. Campbell’s claim, the postconviction court found that rule 3.172(g), allowing the withdrawal of pleas, applies “only before sentencing” citing to Harrell v. State, 894 So.2d 935, 939 (Fla.2005). The postconviction court ruled that the trial judge’s inadvertent failure to formally accept Mr. Campbell’s plea did not entitle Mr. Campbell to withdraw his plea nearly eleven years after the sentence had been imposed. [On appeal to the Second District], Mr. Campbell argue[d] that the trial court *735 erred in failing to follow Cox v. State, 35 So.3d 47 (Fla. 1st DCA 2010), which he argue[d] [wa]s controlling. In Cox, the First District, apparently relying on Harrell, reluctantly held that the defendant should be allowed to withdraw his plea more than two years after sentencing because the trial court had failed to formally accept the plea. 35 So.3d at 48-49. The First District certified a question of great public importance regarding whether the holding in Harrell requires granting a motion to withdraw plea after sentencing where the trial court inadvertently neglected to state that it had “accepted the plea.” [3]
Campbell, 75 So.3d at 757-58. The Second District disagreed with the First District’s interpretation of Harrell and held that rule 3.172(g) only applies before sentencing. Id. at 758. The Second District determined that “the trial court properly found that without a showing of manifest injustice or clear prejudice, Mr. Campbell was not entitled to withdraw his plea after he was sentenced.” Id. at 757. The Second District certified conflict with Cox. Id. at 758-59.
ANALYSIS
Although the appellant in this case raises a single issue to be resolved by this Court, there appear to be two overarching issues, which are imperative to the resolution of the instant case: (1) whether the appellant must make a showing of manifest injustice or prejudice in order to withdraw a plea, after sentencing; and (2) whether actual sentencing constitutes “formal acceptance” of a plea agreement by the trial court under Florida Rule of Criminal Procedure 3.172(g).
Florida Rule of Criminal Procedure 3.170(Z)
As to the first issue, Florida Rule of Criminal Procedure 3.170(i) applies to motions to withdraw plea agreements made after sentencing:
Motion to Withdraw the Plea after Sentencing. A defendant who pleads guilty or nolo contendere without expressly reserving the right to appeal a legally dispositive issue may file a motion to withdraw the plea within thirty days after rendition of the sentence, but only upon the grounds specified in Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)(a)-(e)[4] except as provided by law.
Fla. R.Crim. P. 3.170((). The requirement of manifest injustice or prejudice is not explicitly stated in rule 3.170(i). This requirement has been interpreted and upheld through the case law of this Court. See Williams v. State, 316 So.2d 267, 275 (Fla.1975); Richardson v. State, 246 So.2d 771, 774 (Fla.1971). In Williams, the defendant sought to have his guilty plea vacated based on the trial court’s failure to establish a factual basis for the plea. 316 So.2d at 269. This Court noted that at the time there was no Florida rule setting guidelines for plea withdrawal after sentencing.[5] Id. at 273. This Court agreed *736 with the requirements for a plea withdrawal subsequent to sentencing that were set forth in section 2.1, Pleas of Guilty, American Bar Association Standards for Criminal Justice.[6] See id. at 273-74. This Court disagreed with the petitioner, finding that vacating the plea would be too drastic a sanction where the record clearly reflected that the petitioner understood the plea agreement, unless the petitioner could show prejudice or manifest injustice as a result of the trial judge’s non-compliance. Id. at 275. This Court recognized that the ABA Standard was in accordance with this Court’s earlier decision in Richardson, 246 So.2d at 774, where it stated (“... [W]e hold that the violation of a rule of procedure prescribed by this Court does not call for a reversal of a conviction unless the record discloses that non-compliance with the rule resulted in prejudice or harm to the defendant.”). Subsequent decisions of this Court have upheld the requirement that a defendant demonstrate manifest injustice or prejudice requiring correction when seeking to withdraw a plea after the rendition of a sentence. State v. Partlow, 840 So.2d 1040, 1042 (Fla.2003); see Lopez v. State, 536 So.2d 226, 229 (Fla.1988). Therefore, we once again recognize that pursuant to Rule 3.170(£) a defendant must make a showing of manifest injustice or prejudice in order to withdraw a plea of guilty or nolo conten-dere following the rendition of a sentence.
Florida Rule of Criminal Procedure 3.172(g)
The second issue is imperative to the resolution of the instant case because the appellant is seeking to withdraw his plea, eleven years after he was sentenced, and cites Florida Rule of Criminal Procedure 3.172(g) as his basis. Rule 3.172(g) provides:
Withdrawal of Plea Offer or Negotiation. No plea offer or negotiation is binding until it is accepted by the trial judge formally after making all inquiries, advisements and determinations required by this rule. Until that time, it may be withdrawn by either party without any necessary justification.
Fla. R.Crim. P. 3.172(g). The rule does not define “formal acceptance.” In Harden v. State, 453 So.2d 550 (Fla. 4th DCA 1984), in reversing the trial court’s order denying the defendant’s pre-sentence motion to withdraw his guilty plea, the Fourth District interpreted “formal acceptance” as an affirmative statement on the record:
The State argues that acceptance of the pleas can be inferred from the existence of the Deferred Adjudications in the record. Although these documents state that appellant entered guilty pleas, they do not state that the judge accepted the pleas. It could as easily be argued that the court evidenced its intent not to accept the pleas by deferring adjudication and ordering predisposition and presentence investigation reports. Since the ability of all parties to repudiate a negotiated plea hinges upon acceptance of the plea by the court, the rule wisely requires formal acceptance of that plea, rather than subjective or im *737 plied acceptance. We therefore hold that formal acceptance of a plea occurs when the trial court affirmatively states to the parties, in open court and for the record, that the court accepts the plea.
Id. at 551.
There seems to be a general adherence to this standard among Florida’s District Courts of Appeal. See Cox v. State, 35 So.3d 47, 49 (Fla. 1st DCA 2010) (two years after sentencing, defendant had a right to withdraw from a plea where the trial court failed to specifically state that it formally accepted the plea); Muse v. State, 23 So.3d 763, 764 (Fla. 1st DCA 2009) (the trial court’s confirmation of the voluntariness of the plea and subsequent order of a presentence report, did not constitute formal acceptance of the plea); Mackey v. State, 743 So.2d 1117, 1118 (Fla. 2d DCA 1999) (because the court never formally accepted the pleas, the defendant had an absolute right to withdraw pleas prior to sentencing after the court conducted a plea colloquy and the State offered a factual basis for the pleas); Turner v. State, 616 So.2d 194, 194 (Fla. 3d DCA 1993) (where the record reflected that (1) the trial court did not, after conducting a plea colloquy, formally accept the plea as required by rule 3.172(g); and (2) the defendant requested to withdraw his plea prior to sentencing, “ ‘the defendant had an absolute right to withdraw his plea ... ’ without any necessary justification.”); Bass v. State, 541 So.2d 1336, 1337-38 (Fla. 4th DCA 1989) (where the defendant sought to withdraw plea prior to sentencing and the Fourth District determined that the trial court did not formally accept the plea, despite the trial judge’s intentions to do so); Collucci v. State, 903 So.2d 333, 334 (Fla. 5th DCA 2005) (trial court’s conditional acceptance of guilty plea did not constitute formal acceptance of plea after defendant sought- to withdraw plea prior to sentencing).
After its decision in Cox, the First District decided Cannon v. State, 92 So.3d 292 (Fla. 1st DCA 2012), notice invoking discretionary jurisdiction filed, No. SC12-1664 (Fla. Aug. 6, 2012). In Cannon, the defendant filed a post-sentence motion to withdraw his plea, citing the First District’s decision in Cox and claiming that it was never formally accepted by the trial court. See id. at 293. The First District disagreed with the defendant in Cannon, and sought to clarify its Cox decision:
The decision in Cox did not specify whether the defendant in that case moved to withdraw his plea before or after sentencing. We conclude that Cox should be read consistently with the holding in Campbell — the rule providing that a plea may be withdrawn without any justification until it is formally accepted by the trial judge only applies prior to sentencing. Cox does not stand for the proposition that a defendant has a unilateral right to withdraw from a plea years after he has been sentenced in accordance with that plea, if the trial court failed to formally accept it. Any other interpretation of Cox and rules 3.170 and 3.172(g) leads to irrational results of pleas being vacated years or decades after a defendant began serving a sentence. -
Id. at 294.[7]
The closest that this Court has come to answering the issue presented in this case was in the case of Harrell v. State, 894 *738 So.2d 935 (Fla.2005). In Harrell, this Court granted jurisdiction to resolve a conflict between Harrell v. State, 826 So.2d 1059, 1059-60 (Fla. 1st DCA 2002) and Miller v. State, 775 So.2d 394, 395 (Fla. 4th DCA 2000), where the defendants in both cases argued on appeal that the trial judge should have allowed them to withdraw their plea agreements prior to sentencing, alleging that at the time the defendants requested to withdraw their pleas, the judge had not formally accepted the pleas. Harrell, 894 So.2d at 936.
The actual conflict in the opinions rested upon whether a general motion to withdraw a plea sufficiently preserved the issue of whether a defendant would be allowed to withdraw his plea prior to the trial court’s formal acceptance of the plea. The First District in Harrell, decided that a general motion to withdraw did not sufficiently preserve the issue and declined to hear the case on the merits. 826 So.2d at 1060. In Miller, the Fourth District decided that a general motion to withdraw sufficiently preserved the argument for appeal and reached the merits of the case. 775 So.2d at 395 n. 1. This Court granted jurisdiction to resolve the conflict between the district courts and approved the decision of the First District that the issue had to be specifically preserved at the trial level, and disapproved the holding of the Fourth District. Harrell, 894 So.2d at 940-41. This Court explicitly declined to decide the current issue in relation to those cases. See Harrell at 938 (“[W]e need not decide whether the trial court in this case did formally accept the plea, or examine the circumstances that constitute a formal acceptance.”).
In Harrell, this Court examined the rules governing the withdrawal of a plea. That discussion reads in pertinent part as follows:
Two rules of procedure address [withdrawal of pleas]: Florida Rules of Criminal Procedure 3.172[(g)] and 3.170(f). We discuss each in turn.
Rule 3.172 governs the acceptance of pleas. It provides in pertinent part as follows:
(f) Withdrawal of Plea Offer or Negotiation. No plea offer or negotiation is binding until it is accepted by the trial judge formally after making all the inquiries, advisements, and determinations required by this rule. Until that time, it may be withdrawn by either party without any necessary justification.
(Emphasis added.) This rule permits a defendant to withdraw a plea at any time before the court formally accepts it. A trial court’s failure to grant a motion to withdraw raising this claim constitutes reversible error. See Bass v. State, 541 So.2d 1336 (Fla. 4th DCA 1989). As the court in Bass noted:
It is not easy for us to conclude that the trial court did not formally accept the plea herein because we feel confident the trial judge intended to, and probably felt he had. This formal omission is easily understood considering the volume of cases proceeding through the court and the absence of any ostensible contest over the proceeding. Nevertheless, when push comes to shove, we are obliged to follow the rule as written and construed by the cases. No formal acceptance by the court, no bar to withdrawal by any of the triumvirate-state, defendant or the court.
Id. at 1338; accord Turner v. State, 616 So.2d 194, 194 (Fla. 3d DCA 1993) (holding that “[u]nder these circumstances, the defendant had an absolute right to withdraw his plea prior to sentencing ‘without any necessary justification’”).
*739 Florida Rule of Criminal Procedure 3.170 also governs pleas. It provides a defendant an opportunity to withdraw a previously entered plea:
(f) Withdrawal of a Plea of Guilty. The court may in its discretion, and shall on good cause, at any time before a sentence, permit a plea of guilty to be withdrawn and, if judgment of conviction has been entered thereon, set aside the judgment and allow a plea of not guilty, or, with the consent of the prosecuting attorney, allow a plea of guilty of a lesser included offense, or of a lesser degree of the offense charged, to be substituted for the plea of guilty. The fact that a defendant may have entered a plea of guilty and later withdrawn the plea may not be used against the defendant in a trial of that cause.
Rule 3.170(f) limits the opportunity for withdrawing a plea to the period before sentencing. Rule 3.172[ (g) ] contains no such limitation. In Demartine v. State, [8] 647 So.2d 900, 900 (Fla. 4th DCA 1994), however, the Fourth District concluded, based on the history of rules 3.172 and 3.170, that rule 3.172 “simply codified in greater detail the requirements for acceptance of a plea” in rule 3.170 and that the two rules must be read in pari materia. 647 So.2d at 902. Accordingly, the court held that both of these rule provisions apply only before sentencing. We agree. The criminal rules establish sentencing as a critical juncture in a defendant’s ability to withdraw a plea. See generally State v. Partlow, 840 So.2d 1040, 1042 (Fla.2003) (explaining the different standards applicable to pre- and post-sentencing motions to withdraw pleas).
Under the criminal rules, therefore, a defendant’s pre-sentencing motion to withdraw may take two distinct tracks. Rule 3.172[ (g) ] applies when a plea has not been formally accepted. Rule 3.170(f) allows a defendant to seek withdrawal of a plea for any number of reasons. Under rule 3.172[(g)], the court has no discretion. If the court has not formally accepted the plea, it must allow withdrawal. Under 3.170(f), on the other hand, the court has discretion to deny the motion unless the defendant establishes “good cause,” in which case the court must grant it. See Partlow, 840 So.2d at 1042 (Fla.2003) (“Under this provision [rule 3.170(f) ], a trial court plainly has broad discretion in determining motions to withdraw a plea.”).
Id. at 938-39. This Court noted that “Motions to withdraw pleas after sentencing are subject to rule 3.170(Z), which allows withdrawal of a plea only for the specific reasons listed in Florida Rule of Appellate Procedure 9.140(b).” Id. at 939 n. 2.
The distinguishing factor between the cases under review and cases previously decided by Florida courts is that Campbell and Cox both sought to withdraw their pleas after they had already been sentenced, and . as grounds claim to have this right under Florida Rule of Criminal Procedure 3.172(g). See Campbell, 75 So.3d at 757-58; Cox, 35 So.3d at 48. Florida Rule of Criminal Procedure 3.170 (l) governs motions to withdraw a plea after sentencing and lists the limited scenarios *740 where this is allowed. See Fla. R.Crim. P. 3.170 (l). Nevertheless, Campbell and Cox both assert that rule 3.172(g) could also govern a motion to withdraw a plea after sentencing, in the event the trial court neglects to verbally announce on the record that the plea has been accepted. Both defendants argue that sentencing does not constitute “formal acceptance” of the plea by the trial court, as required by rule 3.172(g). Campbell argues that, based upon the plain language of the rule, it can apply infinitely, up until the time when the trial court formally accepts the plea agreement. The State argues that, based upon its plain language, the rule governs the negotiation process of reaching a plea agreement, not the resulting agreement.
To interpret the scope of the procedural rule, we look to established principles of statutory construction. See Barco v. School Bd. of Pinellas Cnty., 975 So.2d 1116, 1121-22 (Fla.2008) (If the language of a procedural rule is ambiguous and capable of different meanings, this Court will apply established principles of statutory construction to resolve the ambiguity).
This Court has held that statutes dealing with the same subject matter should be considered in pari materia in an effort to give effect to legislative intent. See, e.g., McGhee v. Volusia County, 679 So.2d 729, 730 n. 1 (Fla.1996) (“The doctrine of in pari materia requires the courts to construe related statutes together so that they illuminate each other and are harmonized.”); Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So.2d 452, 455 (Fla.1992) (“[A]ll parts of a statute must be read together in order to achieve a consistent whole.”). Further, this Court has previously agreed with the Fourth District that rules 3.170 and 3.172 should be read in pari materia, because they both address the topic of pleas. See Harrell, 894 So.2d at 939.
Reading both rules together, rale 3.172(g), entitled Withdrawal of Plea Offer or Negotiation, allows either party to withdraw a plea offer without justification until the time the judge formally accepts the plea. Rule 3.170 (l), entitled Motion to Withdraw the Plea after Sentencing, provides the defendant with a limited time-frame within which to seek withdrawal of a plea, along with specific grounds upon which a withdrawal may be granted after sentencing. When we read the rules as complimenting one another, it is clear that rule 3.170 (l) explicitly governs the withdrawal of plea offers after sentencing, and rule 3.172(g) only applies to the withdrawals of plea offers before sentencing, as it does not make any specific provisions for the procedure of withdrawal after sentencing. Further, rule 3.172(g) merely indicates that formal acceptance shall take place after the judge makes “all the inquiries, advisements, and determinations required by this rule.” Fla. R.Crim. P. 3.172(g). The rule does not state, or even imply that the only form of “formal acceptance” is a verbal announcement “to the parties, in open court and for the record, that the court accepts the plea.” See Harden, 453 So.2d at 551. It is logical to assume that formal acceptance was intended to be an affirmative statement on the record, or an affirmative act by the court that the plea has been accepted, such as actual sentencing of the defendant in accordance with the terms of the plea agreement.
The definition of “formal acceptance” appears to be a critical term in interpreting a party’s right to withdraw a plea under rule 3.172(g). “Formal acceptance” is not defined in the dictionary, the state or federal rules of criminal procedure, nor in the Florida Statutes. However, case *741 law from other jurisdictions assists in our definition and interpretation of this term. See Reform Party v. Black, 885 So.2d 303, 312 (Fla.2004) (“In the absence of a statutory or dictionary definition, courts have relied on textbooks and legal authority from other jurisdictions.”).
In the case of Gumm v. State, 655 N.E.2d 610, 612 (Ind.Ct.App.1995), an Indiana Court of Appeals held that formal acceptance can take place via the court’s written judgment and is not limited to a verbal statement by the Court. (The defendant alleged that the Court never formally accepted the plea. The Court disagreed, finding that “after the court found a factual basis for his plea, it took the plea under advisement pending a pre-sentence investigation. Thereafter, the judgment of conviction specifically stated that the court accepted the plea. The penalties imposed tracked the plea agreement for the single count to which the plea was entered. Such a statement is sufficient to overcome Gumm’s assertions.”); see also State v. Bisson, 156 Wash.2d 507, 130 P.3d 820, 822 (2006) (Supreme Court of Washington concluded that the trial judge formally accepted the defendant’s plea by stating that he had “signed the Statement of Defendant on Plea of Guilty and the Plea Agreement”).
“[Ajnother applicable maxim of statutory construction is that statutes will not be construed so as to reach an absurd result.” Vill. of Doral Place Ass’n, Inc. v. RU4 Real, Inc., 22 So.3d 627, 631 (Fla. 3d DCA 2009) (citing City of St. Petersburg v. Siebold, 48 So.2d 291, 294 (Fla.1950)). As this Court implicitly recognized in Harrell, failure to allow sentencing to constitute formal acceptance of a plea agreement may lead to absurd or treacherous results. See Harrell, 894 So.2d at 938 (“It is not easy for us to conclude that the trial court did not formally accept the plea herein because we feel confident the trial judge intended to, and probably felt he had. This formal omission is easily understood ... [nevertheless ... we are obliged to follow the rule as written and construed by the cases. No formal acceptance by the court, no bar to withdrawal by any of the triumvirate-state, defendant or the court.”) (quoting Bass v. State, 541 So.2d 1336, 1338 (Fla. 4th DCA 1989)).
This interpretation would also lead to an absurd result if a different member of the triumvirate raises the same argument years later; the judge or the State would be allowed to challenge the plea agreement after the defendant has already partially performed his or her duties under the agreement, based solely on the failure of the Court to utter a simple phrase. It also seems absurd that a trial judge’s inadvertent failure to recite one simple phrase, “the court accepts the plea,” would have the potential to render the entire process meaningless, without unambiguous language in the rule that would sufficiently convey the gravity of such a mishap. See also Fla. R.Crim. P. 3.020 (“These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure and fairness in administration.”).
Rule 3.172 was adopted in 1977 to implement the procedure set forth in our decision in Williams v. State, 316 So.2d 267 (Fla.1975); the rule also incorporated Federal Rule of Criminal Procedure 11(c). See Committee Notes to Fla. R.Crim. P. 3.172. (“In view of the supreme court’s emphasis on the importance of this procedure as set forth in [Williams ], the committee felt it appropriate to expand the language of former rule 3.170(j) (deleted) and establish a separate rule. Incorporates Federal Rule of Criminal Procedure 11(c) and allows for pleas of convenience *742 (citations omitted)). Our opinion in Williams emphasized the importance of compliance with the rules in reaching the actual plea agreement and the court’s acceptance of plea agreements. Williams, 316 So.2d at 270-71. Our interpretation here of Florida Rule of Criminal Procedure 3.172 is supported by the incorporation of Federal Rule of Criminal Procedure 11(c), which governs plea agreement procedure.[9] See Committee Notes to Fla. R.Crim. P. 3.172; Fed.R.Crim.P. 11(c). Federal rule 11(c) outlines the process by which parties reach a plea agreement, disclose the plea agreement to the court, how the court considers the plea agreement and the proper procedure the court must follow once it accepts or rejects the plea. See Fed.R.Crim.P. ll(c)(l-5).
Lastly, this Court’s long-standing interest in the finality of criminal proceedings must not be overlooked:
The importance of finality in any justice system, including the criminal justice system, cannot be understated. It has long been recognized that, for several reasons, litigation must, at some point, come to an end. In terms of the availability of judicial resources, cases must eventually become final simply to allow effective appellate review of other cases. There is no evidence that subsequent collateral review is generally better than contemporaneous appellate review for ensuring that a conviction or sentence is just. Moreover, an absence of finality casts a cloud of tentativeness over the criminal justice system, benefiting neither the person convicted nor society as a whole.
Witt v. State, 387 So.2d 922, 925 (Fla.1980) (footnote omitted). To allow the defendant to reverse the entire process that he knowingly and voluntarily agreed to eleven years earlier solely based on the trial judge’s inadvertent failure to utter a simple phrase would seem to “casts a cloud of tentativeness over the criminal justice system.” Id. It also appears that reversing the Second District’s holding would possibly cause substantial prejudice to the State in the consequent trial of the defendant, due to the expected decaying of evidence over time, along with the possible memory lapse of potential witnesses.
CONCLUSION
We find that the actual sentencing of the defendant is a sufficient affirmative statement to the parties made in open court and on the record as to constitute formal acceptance of a plea under Florida Rule of Criminal Procedure 3.172(g). Further, actual sentencing adequately evidences the finality in the proceedings, the point at which litigation comes to an end and the right to withdraw a plea is revoked.
We therefore answer the re-stated question presented in the negative. A defendant is not entitled to withdraw a plea of guilty or nolo contendere following the rendition of a sentence, based solely on the trial court’s failure to formally accept the plea as set forth in Florida Rule of Criminal Procedure 3.172(g). Rule 3.170 (l) applies to motions to withdraw pleas that are filed after sentencing and this Court *743 has continually found that a showing of manifest injustice or prejudice is required.
We approve the decision of the Second District in Campbell v. State, 75 So.3d 757 (Fla. 2d DCA 2011) and disapprove the First District’s decision in Cox v. State, 35 So.3d 47 (Fla. 1st DCA 2010) to the extent that it is inconsistent with this opinion.
POLSTON, C.J., and PARIENTE, LEWIS, LABARGA, and PERRY, JJ„ concur.
CANADY, J., concurs in result.

. The parties’ briefs phrase the question presented as whether a defendant is entitled to withdraw a plea of guilty or nolo contendere following a conviction based solely on the trial court’s failure to formally accept the plea as set forth in Florida Rule of Criminal Procedure 3.172(g) absent a showing of manifest injustice or prejudice. However, based on the holdings of both cases under review, it appears that the actual conflict between the district courts is regarding whether a defendant is allowed to withdraw a plea under rule 3.172(g) following sentencing. Therefore, we decline to address the issue of whether a defendant has the right to withdraw a plea agreement after the defendant has been convicted by the trial court, prior to being sentenced. See Marsh v. Valyou, 977 So.2d 543, 545 n. 1 (Fla.2007) (declining to address issues beyond the basis for the Court’s conflict jurisdiction).

. Rule 3.172(f) was the predecessor to what is now rule 3.172(g). Consequently, in much of the relevant case law, any and all mentions of rule 3.172(f) should be read as referring to what is now rule 3.172(g).

. This Court declined to exercise jurisdiction to answer the certified question in Cox. See State v. Cox, 37 So.3d 849 (Fla.2010) (table decision).

. Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)(a)-(e) provides that a defendant who pleads guilty or nolo contendere may otherwise directly appeal only: (a) the lower tribunal's lack of subject matter jurisdiction; (b) a violation of the plea agreement, if preserved by a motion to withdraw plea; (c) an involuntary plea, if preserved by a motion to withdraw plea; (d) a sentencing error, if preserved; or (e) as otherwise provided by law.

.Subsection (1) was added to Rule 3.170 in 1997. See Amendments to the Florida Rules of Appellate Procedure, 696 So.2d 1103, 1105 (Fla.1996); see also Amendments to the Flori *736 da Rules of Criminal Procedure, 685 So.2d 1253, 1254 (Fla.1996).

. See ABA, Pleas of Guilty, § 2.1(b) (Approved Draft, 1968) ("In the absence of a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw his plea of guilty or nolo contendere as a matter of right once the plea has been accepted by the court. Before sentence, the court in its discretion may allow the defendant to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant’s plea.”).

. The State alleges that in light of the First District’s statement in Cannon that Cox should be read consistently with the holding of Campbell, no conflict further exists. However, as the First District chose not to expressly recede from Cox, the initial conflict between these cases remains, and this Court has jurisdiction. See Bailey v. Hough, 441 So.2d 614, 615 (Fla.1983).

. In Demartine, 647 So.2d at 902, the Fourth District certified the following question to this Court: "May a defendant, after sentencing, withdraw a plea of guilty or nolo contendere based solely upon a trial court’s failure to formally accept the plea as set forth in Florida Rule of Criminal Procedure 3.172[ (g) ] without a showing that the trial court’s failure to formally accept the plea caused manifest injustice or clear prejudice.” This is the same issue presented in the instant case. This Court dismissed Demartine on April 28, 1995. See Demartine v. State, 657 So.2d 1162 (Fla.1995) (table decision).

. Federal rule 11(d) lists the limited circumstances wherein a defendant is allowed to withdraw a plea prior to sentencing: (1) before the court accepts the plea, for any reason or no reason; or (2) after the court accepts the plea, but before it imposes sentence if: (A) the court rejects a plea agreement under Rule 11(c)(5); or (B) the defendant can show a fair and just reason for requesting the withdrawal. Fed.R.Crim.P. 11(d). The federal rules explicitly state that a plea cannot be withdrawn after sentencing, it can only be set aside on direct appeal or collateral attack. See Fed. R.Crim.P. 11(e).