[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-16970
Non-Argument Calendar

_____

D.C. Docket No. 8:13-cv-01452-CEH-TBM


SETH DISANTO,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 15, 2019)


Before WILLIAM PRYOR, JORDAN, and EDMONDSON, Circuit Judges.

PER CURIAM:

Seth DiSanto, a Florida prisoner proceeding pro se,[1] appeals the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus and the district court's denial of his Fed. R. Civ. P. 59(e) motion for reconsideration.  No reversible error has been shown; we affirm.

The State of Florida charged DiSanto with burglary of a dwelling and with possession of cannabis.  In July 2008, DiSanto pleaded no contest to both charges, pursuant to a written plea agreement.  At the beginning of DiSanto's April 2009 sentencing hearing, however, DiSanto's lawyer explained that DiSanto had changed his mind and wanted to proceed to trial.  Accordingly, DiSanto's lawyer moved the state court to set aside DiSanto's "no contest" plea.  The state court denied the motion.  The state court then sentenced DiSanto to a total of 15 years' imprisonment.  DiSanto's convictions were affirmed on direct appeal.  The state court also denied DiSanto's motions for post-conviction relief.

In 2013, DiSanto filed pro se his section 2254 petition.  Pertinent to this appeal, DiSanto argued that his trial lawyer was ineffective for failing to argue that

---

[1] We construe liberally pro se pleadings.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

the trial court lacked discretion to deny DiSanto's motion to withdraw his plea, pursuant to Fla. R. Crim. P. 3.172(g).

The district court denied DiSanto's claim on the merits, concluding that -- because DiSanto was unentitled to withdraw his plea under Rule 3.172(g) -- his lawyer's performance was not deficient.  The district court also denied DiSanto's Rule 59(e) motion for reconsideration.

We granted DiSanto a certificate of appealability on this issue: "Whether counsel was ineffective for failing to inform the trial court that it lacked discretion to deny Mr. DiSanto's oral motion to withdraw his plea, based on Fla. R. Crim. P. 3.172(g)."

We review de novo the district court's denial of a section 2254 habeas petition.  McNair v. Campbell, 416 F.3d 1291, 1297 (11th Cir. 2005).  "An ineffective assistance of counsel claim is a mixed question of law and fact subject to de novo review."  Id.

To prevail on a claim of ineffective-assistance-of-counsel, a section 2254 petitioner must show that (1) his lawyer's performance "fell below an objective standard of reasonableness," and (2) "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Brooks v. Comm'r, 719 F.3d 1292, 1300 (11th Cir. 2013) (citing

3

Strickland v. Washington, 104 S. Ct. 2052, 2064 (1984)).  "We determine the reasonableness of . . . counsel's performance through a deferential review of all of the circumstances from the perspective of counsel at the time of the alleged errors."  Baldwin v. Johnson, 152 F.3d 1304, 1311 (11th Cir. 1998).  There exists "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . .."  Strickland, 104 S. Ct. at 2065.

When -- as in this case -- the state court makes no ruling on the merits of a habeas claim, we review the claim de novo.  See Cone v. Bell, 556 U.S. 449, 472 (2009).  "Even under de novo review, the standard for judging counsel's representation is a most deferential one."  Harrington v. Richter, 562 U.S. 86, 105 (2011).

DiSanto has failed to demonstrate that his trial lawyer's performance was deficient.[2]  Critical to DiSanto's claim is his contention that the trial judge never accepted formally DiSanto's "no contest" plea.  As a result, DiSanto says he was entitled to withdraw his plea for any reason, pursuant to Fla. R. Crim. P. 3.172(g).[3]

---

[2] We reject the state's arguments that DiSanto (1) failed to brief adequately the issue identified in the certificate of appealability and (2) failed to exhaust his ineffective-assistance-of-counsel claim in state court.  Accordingly, we address DiSanto's claim on the merits.

[3] Rule 3.172(g) provides that "[n]o plea offer or negotiation is binding until it is accepted by the trial judge formally after making all the inquiries, advisements, and determinations required by this rule.  Until that time, it may be withdrawn by either party without any necessary justification."  Fla. R. Crim. P. 3.172(g).

4

Contrary to DiSanto's assertion, the record evidences that the trial court in fact accepted DiSanto's plea.  At the plea hearing, the trial judge said these words:

> So at this time, sir, I'll find that you are making a knowing, voluntary and intelligent waiver of your constitutional rights, and to the testing of any physical evidence which DNA testing could exonerate you; that you understand the significance of your plea; and that you are represented by competent counsel with whom you are satisfied; and that there's a factual basis in both cases.  So that at this time, sir, we're gonna put off your sentencing to the September 5th . . . at nine o'clock a.m.

Then -- after the plea hearing -- the trial judge signed DiSanto's Waiver of Rights and Plea Agreement.  In doing so, the trial judge attested as follows: "I have determined that the defendant entered into this waiver of rights and plea agreement freely and voluntarily and that there is sufficient factual basis.  Therefore, I approve this document and <u>accept the defendant's plea</u>."  (emphasis added).

We are persuaded that the trial judge's words were sufficient to constitute formal acceptance of DiSanto's plea for purposes of Rule 3.172(g).  <u>Cf. Campbell</u> <u>v. State</u>, 125 So. 3d 733, 740-41 (Fla. 2013) (interpreting "formal acceptance" under Rule 3.172(g) to mean "an affirmative statement on the record, or an affirmative act by the court that the plea has been accepted . . ..").

On this record, we cannot conclude that DiSanto's lawyer's performance fell below the wide range of competence demanded of attorneys in criminal cases. DiSanto's lawyer could have believed reasonably that the trial court had accepted

5

DiSanto's plea such that DiSanto was unentitled to automatic withdrawal under Rule 3.172(g).  DiSanto has failed to overcome the presumption that his lawyer rendered adequate professional assistance and made all significant decisions in the exercise of reasonable professional judgment.

The district court committed no error in denying DiSanto's section 2254 petition.  We affirm the denial of DiSanto's section 2254 petition and the denial of DiSanto's Rule 59(e) motion.

AFFIRMED.