DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JEROMEE SAFFOLD,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2022-2399

[November 29, 2023]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barbara R. Duffy, Judge; L.T. Case No. 15-003460 CF10A.

Carey Haughwout, Public Defender, and Timothy Wang, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Melynda L. Melear, Senior Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

Appellant challenges the denial of his motion to withdraw his plea, which he made prior to resentencing for two counts of armed sexual battery, ordered by this court in *Saffold v. State*, 310 So. 3d 55 (Fla. 4th DCA 2021). He contends that the court should have allowed him to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.170(f) and *Scott v. State*, 331 So. 3d 297, 301 (Fla. 2d DCA 2021). We disagree with *Scott* and hold that on resentencing, appellant was not entitled to withdraw his plea pursuant rule 3.170(f).

Appellant pled guilty to seven counts: (I)–(V) armed sexual battery; (VI) kidnapping with intent to facilitate a felony; and (VII) aggravated battery with a deadly weapon. At the plea hearing, defense counsel and the court informed him that he was facing a mandatory minimum of twenty-five years with life being the maximum sentence. The minimum based upon his points total was 50.75 years. Appellant stated that he understood his sentence exposure.

Before sentencing, the State filed a notice that the minimum mandatory was actually fifty years under the Dangerous Sexual Felony Offender Act. The State agreed in its sentencing memorandum to a minimum mandatory of twenty-five years. By motion and then at sentencing, defendant requested a downward departure. The trial court denied the downward departure motion and declared appellant qualified as a dangerous sexual felony offender on Count I and sentenced him to life in prison with a twenty-five-year mandatory minimum sentence. The trial court pronounced life sentences for Counts II through V to run concurrently, life for Count VI to run consecutive to Counts I-V, and a fifteen-year sentence for Count VII to run concurrently.

Defendant appealed these sentences. In *Saffold v. State*, 310 So. 3d 55 (Fla. 4th DCA 2021), we directed the court to correct all sentences by eliminating certain erroneously included points on the scoresheet, but we deemed that error harmless. *Id.* at 57. On Counts IV and V, we deemed that including points for penetration was harmful error when the counts should have been scored for contact, and we ordered resentencing on those two counts. *Id.* at 57-58. We also ordered the trial court to correct the imposition of a dangerous sexual felony offender designation and twenty-five-year mandatory minimum sentence on counts II through V and directed that the designation as a dangerous sexual felony offender and mandatory minimum be removed on count VI based on section 794.0115(2), Florida Statutes (2019). *Id.* at 57 n.1. Finally, we ordered the court to rehear the motion for reconsideration of the downward departure. *Id.* at 58. In other words, our opinion directed resentencing only on Counts IV and V. The other counts were reversed for correction, not resentencing.

When the case returned to the trial court, the defendant moved to withdraw his plea pursuant to rule 3.170(f),[1] but the court denied the motion. At resentencing, the court denied the motion to reconsider the downward departure. The trial court sentenced appellant to life in prison with a twenty-five-year mandatory minimum on Count I. The trial court pronounced that appellant was being sentenced as a "dangerous sexual offender" and a "sexual predator" on Count I only. The court sentenced appellant to fifteen years for Count VII and life sentences for the remaining counts with all counts running concurrently.

---

[1] Although Appellant alleged that he was misled as to the consequences of the plea because it carried a fifty-year mandatory minimum, and the State could not agree to a lesser minimum, these grounds could have been raised prior to his original sentence.

Appellant brings this appeal, contending that the trial court erred in denying his motion to withdraw his plea.  He argues that pursuant to *Scott*, his motion was proper and timely, because his motion to withdraw his plea was made "before a sentence," and *Scott* held that rule 3.170(f) would apply to resentencing, which is a de novo proceeding.  331 So. 3d at 301.

Rule 3.170(f) provides "[t]he court may in its discretion, and shall on good cause, at any time before a sentence, permit a plea of guilty or no contest to be withdrawn[.]"  Fla. R. Crim. P. 3.170(f).  In *Scott*, the appellant was sentenced as a juvenile and brought a postconviction motion ten years after his sentence, claiming that the sentence violated changes in the juvenile sentencing laws.  331 So. 3d at 299.  The State agreed that Scott was entitled to be resentenced.  *Id.*  The postconviction court then vacated the sentence and ordered resentencing.  *Id.*

Scott then moved to withdraw his plea pursuant to rule 3.170.  *Id.*  The trial court rejected the motion to withdraw the plea as untimely, because Scott did not make the motion within thirty days of his original sentence.  *See* Fla. R. Crim P. 3.170(l).  The court resentenced Scott, and Scott appealed.

On appeal, the court noted that rule 3.170 has two different sections for withdrawal of pleas.  *Scott*, 331 So. 3d at 300.  Rule 3.170(f) allows the withdrawal of a plea "at any time *before* a sentence is imposed" for good cause shown or in the trial court's discretion.  Rule 3.170(l) allows for a motion to withdraw a plea on specific grounds within thirty days *after* rendition of a sentence.

In construing the language of the rule, the Second District focused on the article "a."  The court explained, "the use of the nonexclusive 'a' suggests that it applies to any sentencing proceeding, whether that be the initial sentencing or a subsequent resentencing."  *Scott*, 331 So. 3d at 302.

The Second District held that because resentencing is a de novo proceeding, the rule entitled the defendant to seek withdrawal of his plea, as the motion was made *before* a sentence, namely the sentence imposed on resentencing.  *Id.* at 301.  The court noted that courts have allowed rule 3.170(l) motions to be brought within thirty days of resentencing.  Therefore, the court held:

> [I]f the imposition of a new sentence following resentencing affords a defendant the same plea-withdrawal rights that he possessed following the rendition of his original sentence, the revocation of a defendant's original sentence should likewise

3

grant the defendant the same presentencing plea-withdrawal rights he enjoyed before. Further, if "the sentence," as it is called in rule 3.170(*l*), includes a new sentence imposed after resentencing, we see no reason why such a new sentence would not also qualify as "a sentence" under rule 3.170(f).

*Id.*

We disagree with the *Scott* analysis. *Scott* focused on the article "a," but stated that the use of the article "a" showed that it applied to "*any* sentencing proceeding*.*" If "a" was to mean "any," then the article "any" should have been used. Thus, the rule's language is ambiguous as to how it should be construed in these circumstances.

As to the Second District's concern that if rule 3.170(l) relief is available to the defendant on resentencing, then rule 3.170(f) relief should likewise be available, we disagree because the two sections of the rule differ in the application of the burden of proof in withdrawing the plea. The burden on the defendant who moves to withdraw a plea prior to any sentence is not as stringent as the burden on the defendant after sentencing. A defendant may withdraw his plea *before* sentencing for good cause or in the trial court's discretion. But after sentencing, withdrawal of a plea may only be made for specific, limited reasons.

Further, "once sentence has been imposed, to withdraw a plea a defendant must demonstrate a manifest injustice requiring correction." *State v. Partlow*, 840 So. 2d 1040, 1042 (Fla. 2003). The reason for the liberal standard before sentencing is that the law favors a trial on the merits. *See Moraes v. State*, 967 So. 2d 1100, 1101 (Fla. 4th DCA 2007). However, once a defendant has been sentenced and knows what sentence the trial court is likely to impose, the grounds upon which a plea may be withdrawn narrow considerably. This is to prevent the defendant from simply engaging in a "swift change of heart" once the sentence is known. *See, e.g., U.S. v. Rogers*, 848 F.2d 166, 169 (11th Cir. 1988); *U.S. v. Gonzalez-Mercado*, 808 F.2d 796, 801 (11th Cir. 1987). When a defendant is being resentenced, the defendant already knows the sentence he/she has received. Thus, the defendant is in the same position as the defendant who seeks to withdraw the plea pursuant to rule 3.170(l) after sentencing, not the position of the defendant who seeks to withdraw the plea before sentencing.

Rule 3.170(f) permits a defendant to withdraw a plea under a more liberal standard *before* a sentence. Once a sentence is imposed, although the sentence may be later reversed, the defendant returns to the trial court

for a *re*sentencing, not an original sentence. Procedurally, the resentencing is treated as a new sentencing proceeding, *see State v. Collins*, 985 So. 2d 985, 989 (Fla. 2008), but that does not negate the *fact* that the defendant has already had a sentence imposed. Thus, if a motion to withdraw under rule 3.170(f) must be made *before* a sentence, then the only time that can occur is *before* the original sentence. All other sentences are *after* the original sentence.

To permit the defendant to withdraw a plea under the more liberal standard of rule 3.170(f) after a reversal and remand for resentencing allows the defendant the right to have a "swift change of heart," knowing what sentence may likely be imposed. This is the reason that rule 3.170(l) provides a much more limited right to withdraw the sentence.

Allowing a defendant to move to withdraw a plea under rule 3.170(f) is likely to greatly prejudice the State, as witnesses may not be available years after the original proceeding has concluded. *Scott* serves as an example because the court permitted withdrawal of Scott's plea ten years after the original proceedings.

Interpreting rule 3.170(f) as permitting a motion to withdraw a plea upon resentencing also conflicts with the principle of finality. In *Campbell v. State*, 125 So. 3d 733 (Fla. 2013), the court applied that rule in considering the proper interpretation of Florida Rule of Criminal Procedure 3.172(g), which allows the withdrawal of a plea any time prior to acceptance by the trial court. The trial court in *Campbell* had not formally announced its acceptance of the plea, yet the defendant was adjudicated and sentenced. 125 So. 3d at 734. Eleven years later, the defendant moved to withdraw his plea because of the failure of the trial court to announce its acceptance. In determining that the adjudication and sentence amounted to the acceptance of the plea, the court noted that the literal reading of the rule would lead to an absurd result and would be contrary to the interests of finality in judicial proceedings:

> The importance of finality in any justice system, including the criminal justice system, cannot be understated. It has long been recognized that, for several reasons, litigation must, at some point, come to an end. In terms of the availability of judicial resources, cases must eventually become final simply to allow effective appellate review of other cases. There is no evidence that subsequent collateral review is generally better than contemporaneous appellate review for ensuring that a conviction or sentence is just. Moreover, an absence of finality

5

> casts a cloud of tentativeness over the criminal justice system, benefiting neither the person convicted nor society as a whole.

*Id.* at 742 (quoting *Witt v. State*, 387 So. 2d 922, 925 (Fla. 1980) (footnote omitted)).  The court further explained:

> To allow the defendant to reverse the entire process that he knowingly and voluntarily agreed to eleven years earlier solely based on the trial judge's inadvertent failure to utter a simple phrase would seem to "casts a cloud of tentativeness over the criminal justice system."  *Id.*  It also appears that reversing the Second District's holding would possibly cause substantial prejudice to the State in the consequent trial of the defendant, due to the expected decaying of evidence over time, along with the possible memory lapse of potential witnesses.

*Id.*

While resentencing is usually not the result of an inadvertent error as in *Campbell,* nevertheless, to allow the defendant the ability to move to withdraw his plea prior to resentencing, when he did not move to withdraw the plea prior to his original sentence, contravenes the interest in finality to these criminal proceedings.  Also, allowing withdrawal of appellant's plea highlights the impracticality of *Scott* under these circumstances, because appellant was being resentenced on only two counts, while the remainder of the counts were final.  Thus, even if we accepted appellant's argument, he still could not withdraw his plea as to the other counts on which our court did not direct resentencing.  Moreover, if the motion were granted and appellant was allowed to withdraw his plea as to only the two counts for which resentencing was directed, he still had been convicted to life in prison with a twenty-five-year mandatory minimum on count one.[2]

## Conclusion

We hold that appellant was not entitled to bring a motion to withdraw a plea pursuant to rule 3.170(f) upon court-ordered resentencing.  We therefore affirm the trial court's denial of appellant's motion to withdraw

---

[2] Appellant also raises an issue with respect to the process which the trial court used to permit appellant to have the court consider the motion to withdraw when appellant was represented by a public defender who had not filed the motion for him.  Under these unusual circumstances, we do not think the court erred.

his plea.  We certify conflict with *Scott v. State*, 331 So. 3d 297, 301 (Fla. 2d DCA 2021).

*Affirmed; conflict certified.*

GROSS and DAMOORGIAN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***